# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| JACK DOW and MARIANNE DOW, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:11-CV-25 (HL) |
| ALLSTATE INSURANCE COMPANY, | : | |
| Defendant. | : | |

# **ORDER**

This matter was removed by Defendant Allstate Insurance Company ("Allstate") from the Superior Court of Tift County, Georgia, to this Court on February 23, 2011. In the Notice of Removal, Allstate alleges that the Court has subject matter jurisdiction over the case based on diversity. Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the file to determine whether the diversity jurisdictional requirements in this case have been satisfied. Having concluded that they have not, the Court orders Allstate to amend its Notice of Removal to cure the jurisdictional defects.

## A. Allegations in the Complaint

The Plaintiffs' complaint alleges that their home sustained damages in the amount of $52,865.00 as a result of a hail storm. The Plaintiffs filed a claim with Allstate, their insurance carrier, for $52,865.00. Allstate denied the claim. The Plaintiffs seek to recover from Allstate $52,865.00 and an unspecified amount of

attorneys' fees and punitive damages.

**B.     Diversity Jurisdiction**

Title 28 U.S.C. § 1441(a) authorizes a defendant to seek removal of a suit originally brought in state court when the federal court has diversity jurisdiction over the cause of action.  A federal court has diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,0000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

It appears from the notice of removal and the complaint that there exists diversity of citizenship.  The amount in controversy element, however, is not satisfied.

**C.     Amount in Controversy Requirement**

Removal based on diversity jurisdiction is proper if it is facially apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  If, however, the jurisdictional amount is not facially apparent from the complaint, a court should look to the notice of removal to determine the amount in controversy and may require the party to submit evidence relevant to the amount in controversy at the time the case was removed.  Id.  The defendant bears the burden of proving that federal jurisdiction exists when a defendant removes a case from state to federal court and if the plaintiff has not pled a specific amount of damages, the

defendant must prove by the preponderance of the evidence that the claim exceeds $75,000. Id. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Id. at 1319-20.

Allstate removed this case from state court to this Court and bears the burden of proving that removal is proper and that the jurisdictional requirements have been met. The Plaintiffs have not pled a specific total amount of damages. They have alleged that their home suffered damages in the amount of $52,865.00, but claim unspecified damages for attorneys' fees and punitive damages. Because the Plaintiffs have not specifically alleged that their claims exceed $75,000, Allstate must show by the preponderance of the evidence that the Plaintiffs' claims are ones that exceed $75,000.

Allstate cannot satisfy its burden by directing the Court to the complaint because it is possible, but not apparent, from the face of the complaint, that the amount in controversy exceeds $75,000.

Allstate does not provide the Court any facts in the Notice of Removal to support its contention that the amount in controversy exceeds $75,000. The Court finds Allstate's unsupported assertions to be insufficient to satisfy its burden on removal, which requires that a defendant make an "affirmative showing" that diversity jurisdiction is satisfied. Williams, 269 F.3d at 1319-20 (citing Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir. 1961)). Indeed, Allstate states in its Notice of Removal that "the Plaintiffs, based upon the allegations

in their Complaint, appear to be seeking from the Defendant an amount in excess of $75,000.00." Appearing to seek more than $75,000 in damages does not show by a preponderance of the evidence that the amount in controversy does exceed $75,000.

Accordingly, in the absence of a more affirmative showing of the underlying facts that support Allstate's assertion that the amount in controversy exceeds $75,000, this Court finds that Allstate has failed to meet its burden on removal and has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**D.    Conclusion**

Given that Allstate has failed to establish the amount in controversy, its allegations of diversity jurisdiction are defective. "Defective allegations of jurisdiction my be amended, upon terms, in the trial or appellate courts." 28 U.S.C.A. § 1653. Therefore, Allstate shall have until March 10, 2011, to amend its Notice of Removal and cure the jurisdictional defects. Allstate may attach additional evidence to the Notice of Removal that sets forth facts supporting its assertion that the amount in controversy exceeds $75,000. The Court will then again review the Notice of Removal to ensure that jurisdiction is proper in this case.

**SO ORDERED**, this the 25th day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

4